IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



| | |
|---|---|
| DAVID KIMBERLEY HACKETT, individually, and SAMUEL G. SWOPE, individually as Assignees of Courtesy Auto Group, Inc., a Florida corporation,<br><br>Plaintiffs,<br>vs.<br><br>ELECTRONIC DATA SYSTEMS CORPORATION, a foreign corporation,<br><br>Defendant. | CASE NO.00-6103<br>JUDGE GRAHAM<br>MAGISTRATE TURNOFF<br><br>**NON-PARTY AUTONATION, INC.'S, f/k/a REPUBLIC INDUSTRIES, INC. MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT ELECTRONIC DATA SYSTEMS CORPORATION'S, MOTION TO COMPEL** |

COMES NOW, Non-Party, AutoNation, Inc. f/k/a Republic Industries, Inc. ("AutoNation"), by and through its undersigned attorneys and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, and Southern District of Florida, Local Rule 7.1, hereby moves for an enlargement of time in which to respond to Defendant, Electronic Data Systems Corporation's ("EDS"), Motion to Compel. In support thereof, Non-Party AutoNation states as follows:

1. On May 19, 1999, EDS served a Subpoena Duces Tecum seeking production of certain documents. In response, AutoNation filed its Response and Objections to said Subpoena.

2. On January 20, 2000, EDS filed a Motion to Compel.

3. In July of 1997, Courtesy was acquired by AutoNation Inc., f/k/a Republic Industries, Inc., The pending lawsuit relates to matters that predated the July 1997 sale of the Courtesy Motor Vehicle Dealerships. Courtesy assigned all rights and interests in any claims against EDS to David Kimberly Hackett and Samuel G. Swope, individually, the Plaintiffs in this action.

4. AutoNation is a non-party with no interest in the outcome of the present litigation, and no knowledge as to specific discovery already conducted between the parties to the pending litigation. AutoNation may have custody or control of some of the documents which are responsive to subpoena and, in fact, AutoNation provided documents in response to the subpoena duces tecum which were responsive.

5. The undersigned anticipates requiring additional time to properly respond to Defendant EDS's Motion to Compel. Further, the undersigned is in the process of attempting to schedule dates at which time counsel for EDS may review documents responsive to their Subpoena Duces Tecum. If, after inspection of the documents, EDS wishes to pursue their motion to compel, Non-Party AutoNation would respond within ten (10) days of the time that EDS renews their Motion to Compel.

6. This motion is made in good faith and not to hinder or delay these proceedings. EDS will not be prejudice if this Court grants AutoNation the relief sought in this motion and that the enlargement sought is brief and in the interests of justice.

7. The undersigned counsel has contacted counsel for EDS who has advised that EDS has no objection to this motion for enlargement of time. Said enlargement of time would include ten (10) days after counsel for EDS indicated that the inspections, which are currently being scheduled, were insufficient. In which case, AutoNation would provide its response to the Motion to Compel within ten (10) days thereafter.

## MEMORANDUM OF LAW

Rule 6(b)(1), Federal Rules of Civil Procedure provides, in part, that:

> When by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]

*See* Rule 6(b), Federal Rules of Civil Procedure. Rule 6(b) gives the Court wide discretion to grant the request for additional time that is made prior to the expiration of a period originally prescribed. *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791(9th Cir. 1996); *Choi v. Chemical Bank*, 939 F.Sup.304(D.C.N.Y. 1996). An application under Rule 6(b) normally will be granted in the absence of bad faith or prejudice to the adverse parties; Wright and Miller, Federal Practice and Procedure, Civil, §1165.

Non-Party, AutoNation, demonstrated cause for an enlargement of time to respond to EDS' motion to compel, no prejudice will result from the enlargement. Accordingly, AutoNation's request for an enlargement should be granted.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by facsimile and U.S. Mail to Paul L. Nettleton, Esq., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Attorneys for Defendant, 4000 NationsBank Tower, 100 S.E. 2nd Street, Miami, Florida 33131; and Mark L. Ornstein, Esq., Killgore, Pearlman, Stamp, Ornstein & Squires, Attorneys for

Plaintiffs, Post Office Box 1913, Orlando, Florida 32802-1913, this 1st day of February, 2000.

Respectfully submitted,

DEARMAN & GERSON
*Trial Counsel for AutoNation, Inc.*
300 N.E. 82nd Avenue, Suite 110
Plantation, Florida 33324
Tel: (954) 915-8888
Fax: (954) 915-9191

By:_____
Mark J. Dearman
Florida Bar No. 982407